Kaiser, Special Administratrix, Appellant, vs. Streich, Respondent.

*January 13—February 25, 1947.*

*John E. O'Brien* of Fond du Lac, for the appellant.

For the respondent there was a brief by *Reilly & Cosgrove* of Fond du Lac, and oral argument by *Frank W. Cosgrove.*

Rector, J. Appellant's suit is based upon the claim that appellant's intestate, William E. Kaiser, was an occupant in

an automobile driven by the respondent Thomas Streich, and that as a result of Streich's negligence the automobile ran off a highway and crashed into a building, thereby causing Kaiser's death.

There were but two witnesses who threw any light on the relevant circumstances of the collision. Streich testified he and Kaiser were on their way home from a fishing trip sometime after 12:30 o'clock in the morning, that Kaiser, the deceased, was operating the car at the time of the accident and that he, Streich, knew nothing about how the accident may have happened. A deputy sheriff was close to the scene at the time of the accident. He heard the car approaching on the highway at what seemed to be a high rate of speed and heard the impact as it left the highway and crashed into the building. The car came to rest at a point fifteen feet from the building it had struck. It was constructed with a wood and fabric top and the top was torn off and thrown some distance away. The unconscious body of Streich was found on the ground about halfway between the car and the building. The deceased was found in the car seated behind the steering wheel with his arm around the wheel and his head hanging over the side of the car. He was unconscious at the time he was found and died shortly thereafter without having regained consciousness. The steering wheel was broken and a piece of it lay just in front of the car.

In order for the appellant to recover it was necessary for her to establish that the deceased met his death as the result of the negligent operation of Streich's car and that Streich was guilty of such negligence. Assuming that negligence was properly established in the operation of the car, the burden still devolved upon her to establish that Streich was the operator. This she did not do. The only direct evidence as to the operation of the car was Streich's testimony that it was driven by the deceased at the time of the collision. This testimony is corroborated by the physical fact that the deceased

was found beneath the wheel with his arm over it after the accident.

Appellant attempts to avoid the import of Streich's testimony by stating that a jury might disregard it because of his interest. She attempts to make a case upon the physical facts by claiming that the left door of the car was thrown open, that a part of the steering wheel was found in Streich's hand as he lay unconscious ahead of the car, that he must have been driving and must have been thrown out the left door of the car. In line with this argument it is claimed that the same force that threw Streich out of the car threw the deceased beneath the steering wheel. From this it is of course argued that the deceased was the passenger, not the driver of the car.

There are several answers to these contentions. In the first place, there is no evidence in the record that the left door was thrown open. Even if there were, it would be purely speculative as to whether Streich had been thrown out the door in view of the fact that the top was also torn off. Furthermore, there is no evidence that any part of the steering wheel was found in Streich's hand. The evidence shows that Streich was about seven or eight feet from the car and that there was a piece of the steering wheel found "just in front of" the car. Even if a part of the wheel was carried there by Streich's hand, it would not point to his operation of the car. If he were a passenger, he could have grasped at the wheel in an effort to avoid the accident.

There was no evidence upon which the jury could properly have found actionable negligence and the motion for nonsuit was properly granted. *Boyce v. Independent Cleaners, Inc.* (1932) 206 Wis. 521, 240 N. W. 132.

*By the Court.*—Judgment affirmed.